1  KATHLEEN E. FINNERTY - (SBN 157638) (Counsel for Service)
   NANCY J. DOIG - (SBN 226593)
2  SARAH W. ASPLIN – (SBN 260851)
   GREENBERG TRAURIG, LLP
3  1201 K Street, Suite 1100
   Sacramento, CA  95814-3938
4  Telephone:  (916) 442-1111
   Facsimile:  (916) 448-1709
5  finnertyk@gtlaw.com, doign@gtlaw.com, asplins@gtlaw.com

6  Attorneys for Plaintiff
   FOURSCORE RESOURCE CAPITAL, LLC.
7

8              **UNITED STATES DISTRICT COURT**

9         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  FOURSCORE RESOURCE CAPITAL,      ) CASE NO.
    LLC.                             )
12                                   ) **COMPLAINT FOR DAMAGES AND**
           Plaintiff,                ) **EQUITABLE RELIEF; BREACH OF**
13                                   ) **CONTRACT; DECEIT;**
    v.                               ) **RESCISSION; UNFAIR BUSINESS**
14                                   ) **PRACTICES; NEGLIGENT**
    NATIONAL CREDIT ACCEPTANCE,      ) **MISREPRESENTATION;**
15  INC. and MICHAEL T. SAHLBACH     ) **INTENTIONAL**
                                     ) **MISREPRESENTATION;**
16         Defendants.               ) **CONVERSION**
                                     )
17                                   ) (JURY TRIAL REQUESTED)
                                     )
18  _____ )

19         For its Complaint against Defendants National Credit Acceptance, Inc. ("NCA")

20  and Michael T. Sahlbach ("Sahlbach") (together referred to as "Defendants"), Plaintiff

21  Fourscore Resource Capital, LLC. ("Fourscore") complains and alleges as follows:

22                              **I.**

23                  **NATURE OF THE ACTION**

24         This is an action for breach of contract, rescission, deceit, unfair business

25  practices, negligent and intentional misrepresentation, and conversion arising out of

26  Plaintiff's purchase of certain recievable accounts from Defendants.  Fourscore seeks

27  damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

28

## II.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1322(a) because this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.00.

2. This Court has personal jurisdiction over Defendants based upon Defendants' citizenship in the State of California.

3. Venue is proper in the United States District Court for the Eastern District of California under 28 U.S.C. § 1391(a)(2) and because Defendants reside in this jurisdiction and the contracts at issue were performed in this district.

## III.

## PARTIES

4. Plaintiff Fourscore is, and at all times mentioned in this Complaint was, a limited liability company duly organized and existing under the laws of the State of Minnesota.

5. Defendant NCA is, and at all times mentioned in this Complaint was, a corporation duly organized and existing under the laws of the State of California.

6. Fourscore is informed and believes that Defendant Sahlbach is, and was at all times mentioned in this Complaint, a resident of El Dorado County, California and an owner and/or manager of NCA.

7. Fourscore is informed and believes, and therefore alleges, that at all times mentioned in this Complaint, NCA is and was substantially owned and controlled by Sahlbach, such that NCA and Sahlbach are effectively a single entity through which NCA and Sahlbach conduct business affairs, including the business transactions described below.

8. NCA and Sahlbach are the alter egos of each other and the obligations of NCA as set forth in this Complaint are also the obligations of Defendant Sahlbach, in that:

1

2           a.     There is such a unity of interest and ownership between Defendants NCA and Sahlbach, that the individuality or separateness of the entities has ceased.

3

4           b.     At all times mentioned in this Complaint, neither NCA or Sahlbach ever intended to have, and they never had, any true independent existence.

5

6           c.     An adherence to the separate existence of NCA and Sahlbach would sanction a fraud and promote an injustice in that the company was formed as an instrumentality to carry out such agreements as the one described above between NCA and Fourscore.

7

8

9

10          d.     Sahlbach and all other directors, officers or shareholders of NCA approved of and ratified the fraudulent conduct described in this Complaint, and are therefore personally liable for such conduct.

11

12          e.     Accordingly, Sahlbach is personally liable for NCA's obligations set forth in this Complaint.

13

14       9.     Fourscore is informed and believes, and therefore alleges, that at all times mentioned in this Complaint, each of the Defendants was the agent, employee, or joint venturer of each of the remaining Defendants; and in doing the things alleged below, was acting within the scope of such agency, employment, or joint venture.  Fourscore is informed and believes and therefore alleges that each Defendant has authorized, ratified, and approved of the acts of each of the remaining Defendants with the knowledge and consent of each of the other Defendants.

15

16

17

18

19

20

21                              **IV.**

22                       **ALLEGATIONS**

23       10.    For several years, including the dates pertinent to the acts and omissions decribed in this Complaint, Fourscore has operated a legitimate business in purchasing and collecting on consumer loans in the secondary market.

24

25

26       11.    Fourscore is informed and believes, and therefore alleges, that Defendants market and sell, inter alia, consumer loans in the secondary market.

27

28       ///

1        12.    Fourscore is informed and believes that Defendant Sahlbach is the

2   President and majority shareholder of NCA and other recievable purchasing, sale, and

3   collection entities.

4        13.    On or about April 25, 2008 Fourscore and NCA entered into a Loan Sale

5   Agreement ( the "Agreement"), the terms of which are confidential.   Section 26 of the

6   Agreement mandates that the Agreement shall be construed and enforced under the laws

7   of the State of California.  The provisions of the Agreement material to this Complaint

8   are summarized below and will be subsequently filed under seal.

9        14.    In accordance with the terms of the Agreement, Fourscore agreed to

10  purchase a portfolio of recievable accounts from NCA.  Fourscore paid $688,940 as

11  consideration for title to over 10,000 consumer credit accounts.

12       15.    Section 3 of the Agreement provides representations and warranties on

13  behalf of the Seller, NCA.  Among the representations and warranties are paragraph (a)

14  which states that NCA has, "full power and authority to enter into this Agreement, to

15  sell the Loans, and to carry out the terms and provisions thereof."  Section 3 further

16  states at paragraph (f) that, "Seller has good and marketable title to each Loan to be

17  sold," and that "each such Loan shall be transferred free and clear of any lien or

18  encumbrance."  (Agreement, 7-9).

19       16.    Fourscore is informed and believes, and on that basis alleges, that despite

20  the representations and warranties in the Agreement and the parties discussions,

21  Defendants did not have good and marketable title to all of the accounts sold under the

22  Agreement, because some of  the loans purchased by Fourscore were previously sold by

23  NCA to another party.

24       17.    Fourscore is further informed and believes, and on that basis alleges, that

25  even after entering into the Agreement, Defendants NCA and Sahlbach continued to

26  market and sold to others the very same accounts that Defendants sold to Fourscore.

27       18.    Fourscore is informed and believes, and on that basis alleges, that after

28  entering in to the Agreement, Defendants NCA and Sahlbach sold at least 1,330

1  accounts that had previously been sold to Fourscore to another purchaser. Fourscore

2  was informed of this resale after consumers reported to them that they had been

3  contacted by more than one alleged creditor in or about October 2008.

4      19.    Fourscore has repeatedly attempted to obtain adequate assurances from

5  Defendants that Defendants transferred good and marketable title to all accounts sold

6  under the Agreement, excepting those discovered to be re-sold as alleged in Paragraph

7  18, above, and no adequate assurances have been provided. Without the ablilty to audit

8  the title to each account sold by Defendants, the value of the remaining accounts

9  becomes nil given the inherent risks associated with attempting to collect potentially

10  invalid recievable accounts.

11      20.    Money damages are insufficient to compensate Fourscore because the

12  value of the acquired portfolio is, without an adequate review and audit, nil given the

13  attenuated risks; moreover, the value of the portfolio declines with each passing day

14  given the nature of the market for collections on secondary recievable accounts.

15  Fourscore is further damaged because they are financing the purchase price of the loan

16  portfolio and must continue to pay interest and other carrying costs as a result of the

17  transaction without collecting on the subject accounts.

18  **V.**

19  **FIRST CLAIM FOR RELIEF**

20  **(Breach of Contract)**

21  **(Against All Defendants)**

22      21.    Fourscore realleges and incorporates by reference all allegations contained

23  in paragraphs 1-20.

24      22.    Fourscore has performed all conditions, covenants and promises required

25  on its part to be performed under the Agreement, or was excused from such

26  performance by Defendants' breach of the Agreement as alleged above.

27      23.    Fourscore is informed and believes, and therefore alleges, that in doing the

28  acts and omissions alleged above, Defendants breached the Agreement between the

1  parties and that as a direct and proximate result of the Defendants' breach, Fourscore

2  has been damaged in an amount according to proof at trial.

3       WHEREFORE, Fourscore prays as set forth below.

4  VI.

5  **SECOND CLAIM FOR RELIEF**

6  **(Deceit - Civil Code § 1710)**

7  **(Against all Defendants)**

8       24.    Fourscore realleges and incorporates by reference all allegations contained

9  in paragraphs 1 through 23.

10       25.    On or about April 25, 2008, Fourscore and NCA entered into a Loan Sale

11  Agreement.  The Agreement was signed by Sahlbach on behalf of NCA.

12       26.    In accordance with Section 3(f) of the Agreement, NCA warranted that it

13  had proper legal title for each account sold to Fourscore.  Fourscore is informed and

14  believes that when the Defendants made these representations, they knew them to be

15  false and made these representations with the intention to deceive and defraud the

16  Plaintiff and to induce the Plaintiff to act in reliance on these representations in the

17  manner alleged in this Complaint, or with the expectation that the Plaintiff would so act.

18       27.    Fourscore is informed and believes that NCA did not have proper title to

19  some of the loans it sold to Fourscore.

20       28.    Fourscore is informed and believes that after NCA sold the accounts listed

21  in the Agreement to Fourscore, it also sold some of the accounts to at least one other

22  purchaser without proper legal title to do so.

23       29.    Fourscore is informed and believes, and therefore alleges, that at the time

24  NCA entered in to the Agreement with Fourscore, it had no intention of performing its

25  obligations under the Agreement.

26       30.    Fourscore is informed and believes, and therefore alleges, that NCA's

27  promise to perform was made for the purpose of inducing Fourscore to tender $688,940

28  to NCA.

31.     At the time Fourscore entered the Agreement, Fourscore was unaware of NCA and Sahlbach's hidden intention not to perform their obligations under the Agreement and Fourscore could not, in the exercise of reasonable diligence, have discovered NCA's hidden intentions.  In justifiable reliance on the promise of NCA, Fourscore tendered $688,940 to NCA and exposed itself to liability under federal and state debt collection laws and regulations for servicing loans sold to multiple buyers.  If Fourscore had known of NCA's actual intentions, Fourscore would not have entered into the Agreement or tendered the purchase price.

32.     As a proximate result of the deceitful conduct of NCA as alleged in this Complaint, Fourscore was induced to tender $688,940 to NCA by reason of which Fourscore has been damaged in an amount according to proof at the time of trial.

33.     The conduct of Defendants was an intentional deceit on the part of Defendants with the intention on their part of depriving Fourscore of property or legal rights or otherwise causing injury, and was despicable conduct that subjects Fourscore to unjust hardship in conscious disregard of Fourscore's rights, so as to justify an award of exemplary and punitive damages.

WHEREFORE, Fourscore prays as set forth below.

## VII.

### THIRD CLAIM FOR RELIEF

#### (Rescission)

#### (Against all Defendants)

34.     Fourscore realleges and incorporates by reference all allegations contained in paragraphs 1-33.

35.     As a result of Defendants' deceit and breach of contract as alleged above, Fourscore will suffer substantial harm and injury under the Agreement if the Agreement is not rescinded in that Fourscore would be deprived of the value of its consideration and all expected profits, because without an assurance of proper title to all accounts sold, the accounts purchased under the Agreement are rendered valueless and

1  uncollectable.  Federal and state debt collection law would prohibit Fourscore from

2  collecting on any of these accounts because Fourscore is aware that some, if not all,

3  accounts in the portfolio purchased from NCA are being serviced by more than one

4  alleged creditor, which would  violate federal and state  collection laws and regulations

5  and expose Fourscore to considerable liability in excess of the value of the accounts

6  purchased.

7       WHEREFORE, Fourscore prays as set forth below.

## VIII.

## **FOURTH CLAIM FOR RELIEF**

**(Unfair Business Practices - Business and Professions Code §§ 17200 et. seq.)**

**(Against all Defendants)**

12       36.     Fourscore realleges and incorporates by reference all allegations contained

13  in paragraphs 1-35.

14       37.     California Business and Professions Code § 17200 et seq. prohibits unfair

15  competition in the form of any unlawful, unfair, or fraudulent business practice.

16       38.     Defendants' deceit in inducing Fourscore to enter into the Agreement and

17  pay Defendants $688,940 and Defendants' breach of the Agreement, as well as the

18  actions alleged above, are unfair and fraudulent business acts as defined in California

19  Business and Professions Code §§ 17200 et. seq.

20       39.     Defendants have committed unlawful acts as defined by California

21  Business and Professions Code §§ 17200.  Defendants have engaged in unlawful

22  business practices including, but not limited to, violating California Civil Code § 1710

23  with regard to the representations made regarding the Agreement.

24       40.     As a proximate result of the acts above, Fourscore was induced to tender

25  $688,940 to Defendants, and has been exposed to liability under federal and state debt

26  collection law which has damaged Fourscore in an amount according to proof at trial.

27       41.     Fourscore has offered to rescind the Agrement and put NCA in its position

28  prior to the Agreement, but NCA has refused.  Instead NCA has offered additional

1  accounts, none of which can be sufficiently verified as being solely owned by NCA.

2  WHEREFORE, Fourscore prays as set forth below.

3  ## IX.

4  ### FIFTH CLAIM FOR RELIEF

5  ### (Negligent Misrepresentation)

6  ### (Against all Defendants)

7  42.    Fourscore realleges and incorporates by reference all allegations contained

8  in paragraphs 1-41.

9  43.    Fourscore is informed and believes, and therefore alleges, that at all times

10  mentioned in this Complaint, Defendant Sahlbach was the agent and employee of NCA,

11  and in doing the things described in this Complaint, was acting within the course and

12  scope of such agency and employment.

13  44.    In or about April 2008, Sahlbach represented to Fourscore that NCA had

14  marketable and collectable accounts for sale.  Sahlbach assured Fourscore that the

15  accounts were not legally deficient, and that NCA had good and marketable title to the

16  accounts.

17  45.    The representations made by Sahlbach were in fact false.  Defendants did

18  not have proper title to all accounts sold, and Defendants later sold accounts they knew

19  to have been sold to Fourscore to additional buyers.

20  46.    When the Defendants made these representations, they had no reasonable

21  grounds for believing them to be true.

22  47.    Defendants made these representations with the intention of inducing

23  Fourscore to act in reliance on these representations, or with the expectation that

24  Plaintiff would act according to them.

25  48.    Fourscore, at the time these representations were made by the Defendants

26  and at the time the Fourscore signed the Agreement, relied on the affirmations by NCA,

27  was ignorant of the falsity of the Defendants' representations, and believed these

28  representations to be true.  In reliance on these representations, Fourscore was induced

1  to sign the Agreement and did pay $688,940 to NCA.  Fourscore's reliance on the
2  Defendants' representations was justified.

3       49.    As a proximate result of the fraudulent conduct of the Defendants,
4  Fourscore was induced to pay $688,940 for which it was to receive marketable title to
5  over 10,000 accounts.  Were the accounts collectable, they represented significant future
6  profits to Fourscore.  Fourscore has not received adequate assurances of the
7  marketability of the loans, now knows of defects in title to a substantial number of the
8  loans, and has been damaged in an amount according to proof at trial.

9       WHEREFORE, Fourscore prays as set forth below.

10                                   **X.**

11                    **SIXTH CLAIM FOR RELIEF**

12                    **(Intentional Misrepresentation)**

13                    **(Against all Defendants)**

14       50.    Fourscore realleges and incorporates by reference all allegations contained
15  in paragraphs 1-49.

16       51.    Defendants NCA and Sahlbach represented to Fourscore that they would
17  transfer marketable title for the loans to Fourscore in exchange for consideration of
18  $688,940 pursuant to the Agreement.

19       52.    Fourscore is informed and believes and therefore alleges that with regard
20  to the representations alleged in paragraph 46 above, Defendants knew this
21  representation to be false at the time they made the representation and had no intent to
22  perform according to the terms of the Agreement.

23       53.    Fourscore reasonably trusted and relied upon the misrepresentations of
24  Sahlbach, as agent for and on behalf of NCA.

25       54.    The misrepresentations made by Sahlbach were in fact false.  The true
26  facts were that NCA did not have marketable title to the entire loan portfolio sold
27  pursuant to the Agreement and subsequently resold accounts they sold to Fourscore to
28  later purchasers.

55.     When the Defendants made these representations, they knew them to be false and made these representations with the intention to deceive and defraud Fourscore and to induce the Fourscore to act in reliance on these representations in the manner alleged above, or with the expectation that Plaintiff would act according to them.

56.     Fourscore, at the time these representations were made by the Defendants, and at the time the Fourscore signed the Agreement, was ignorant of the falsity of the Defendants' representations and believed them to be true.  In reliance on these representations, Fourscore was induced to sign the Agreement and did pay $688,940  to NCA.  Fourscore's reliance on the Defendants' representations was justified.

57.     As a proximate result of the fraudulent conduct of the Defendants, Fourscore was induced to pay $688,940 for which it was to receive marketable title to the accounts.  Were the accounts collectable, they represent significant future profits to Fourscore.  Fourscore has not received adequate assurances of the marketability of the loans, now knows of defects in title to many of the loans, and has been damaged in an amount according to proof at trial.

58.     The conduct of the Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of the Defendants of depriving Fourscore of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Fourscore to a cruel and unjust hardship in conscious disregard of Fourscore's rights, so as to justify an award of exemplary and punitive damages.

WHEREFORE, Fourscore prays as set forth below.

///

///

///

///

///

COMPLAINT

## XI.

### SEVENTH CLAIM FOR RELIEF

#### (Conversion)

#### (Against all Defendants)

59.     Fourscore realleges and incorporates by reference all allegations contained in paragraphs 1-58.

60.     Following the execution of the Agreement between Fourscore and NCA, and Fourscore's performance by tendering payment pursuant to its terms, Fourscore had both an ownership right and a right to possess the accounts sold under the Agreement. These rights are superior to Defendants'.

61.     Defendants have wrongfully taken, possessed and/or disposed of Fourscore's accounts and have converted that property to their own use.

62.     As an actual and proximate result of Defendants' conversion of Fourscore's accounts, Fourscore has suffered damages and is entitled to the immediate return of its property.

WHEREFORE, Fourscore prays as set forth below.

## XII.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fourscore prays:

1.     That this Court declare that the Agreement has been rescinded;

2.     That Defendants be ordered to pay Fourscore the consideration paid to Defendants in the sum of $688,940[1]; in exchange for which Fourscore will return all accounts to NCA; returning it to its original position;

///

///

///

---

[1] Excepting any legitimately recalled loans under the agreement resold to NCA prior to this dispute, including those repurchased as a result of the bankruptcy or death of the loan holders.

COMPLAINT

1    3.    That an injunction issue against Defedants enjoining them from selling

2    any consumer debts until they have demonstrated good and adequate title to the

3    accounts sold to Fourscore;

4    4.    That an injunction issue against Defendants enjoining them from

5    marketing for sale any accounts that have previously been sold to Fourscore or any

6    other purchaser;

7    5.    That an inunction issue against Defendants mandating that they give

8    Fourscore full and unimpeded access to their books of accounts and records relating to

9    the acquisition and sale of consumer debts so that Fourscore can determine the relative

10   risks associated with each and every loan acquired;

11   6.    For damages in an amount to be proved at trial;

12   7.    For punitive damages in an amount appropriate to punish Defendants and

13   deter like conduct;

14   8.    For costs of suit incurred including reasonable attorneys fees as provided

15   in the Agreement and pursuant to California law; and

16   9.    For such other and further relief as the Court may deem just and proper.

17

18   DATED:  January 5 , 2009          GREENBERG TRAURIG, LLP

19

20

21   By _____
         Kathleen E. Finnerty
22       Nancy J. Doig
         Sarah W. Asplin
23       Attorneys for Plaintiff
         FOURSCORE RESOURCE
24       CAPITAL, LLC.

25

26

27

28

COMPLAINT