IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---

FOURSCORE RESOURCE CAPITAL, LLC, )
)
        Plaintiff, ) 2:09-cv-00032-GEB-KJM
)
   v. ) <u>TENTATIVE RULING ISSUED</u>
) <u>IN ADVANCE OF MARCH 9,</u>
NATIONAL CREDIT ACCEPTANCE, INC., ) <u>2009 HEARING</u>
and MICHAEL T. SAHLBACH, )
)
        Defendants. )
_____)

      Plaintiff seeks a preliminary injunction ("PI") that would require Defendants to permit an immediate audit of all transactions relating to the acquisition and disposition of the 15,022 receivable accounts that Defendant National Credit Acceptance, Inc. ("NCA") sold to Plaintiff under a Loan Sale Agreement (the "Receivable Accounts"). However, Plaintiff has not shown why its request for an audit of the Receivable Accounts should not be considered a discovery matter under Local Rule 72-302(c)(1); therefore, this portion of the motion is denied.

      Plaintiff also seeks a PI enjoining Defendants from selling and marketing the Receivable Accounts, which are Plaintiff's property, to third-parties, arguing it would otherwise be irreparably injured

since Plaintiff cannot profit from Receivable Accounts to which it lacks proper title and the Receivable Accounts are diminishing in value. Plaintiff also contends Defendants will likely market and sell the Receivable Accounts to third-parties, relying on Plaintiff's Acquisition Manager Jessica Krull declaration that NCA sold 2 Receivable Accounts to third-parties prior to selling them to Plaintiff, and also sold approximately 1,330 Receivable Accounts to third-parties after having sold them to Plaintiff.

> [P]reliminary injunctive relief is available to a party who demonstrates either (1) a combination of probable success and [a likelihood] of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.

Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000) (quoting Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987)); Winter v. Natural Resources Defense Council, 129 S. Ct. 365, 375 (2008) (stating likelihood rather than possibility of irreparable injury required for issuance of preliminary injunctive relief).[1]

NCA's President Defendant Michael T. Sahlbach counters, declaring "NCA retrieved and researched its 1999 to 2008 archives and carefully reviewed . . . all prior sale pool files ever transacted by

---

[1] Plaintiff argues California law governs the standard for determining whether to issue a PI in this diversity action. However, "federal law [applies] to determine whether the court should" issue a PI in a diversity action. Kaiser Trading Co. v. Associated Metals & Minerals Corp., 321 F. Supp. 923, 931 n.14 (N.D. Cal. 1970). See, e.g., Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000) (applying federal law to determine whether to issue a preliminary injunction in diversity action); Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 602 (9th Cir. 1991) (same).

NCA" to determine whether any of the Receivable Accounts were sold to third-parties prior to being sold to Plaintiff. Sahlbach avers NCA identified four Receivable Accounts that were previously sold to a third-party, but these four Receivable Accounts had been returned to NCA before NCA's transaction with Plaintiff. Sahlbach declares NCA had proper title to these four Receivable Accounts prior to NCA's transaction with Plaintiff. (Sahlbach Decl. ¶ 28.)

Further, Sahlbach concedes 1,315 Receivable Accounts were sold to a third-party after NCA's transaction with Plaintiff but declares this sale inadvertently occurred due to clerical error. Specifically, Sahlbach declares Receivable Accounts having titles starting with the letter "L" and "M" were inadvertently coded on NCA's system to show that they had not been sold by NCA to Plaintiff. (Sahlbach Decl. ¶ 14.) Sahlbach further avers NCA has attempted to remedy this situation by repurchasing or "recalling" these 1,315 Receivable Accounts from Plaintiff pursuant to the terms of the Agreement, which provide NCA "shall have the right to repurchase" a loan that NCA "determines . . . is a Recallable Loan," which is defined by the Agreement as "any loan which [NCA] has a compelling legal or business need to recall." (Sahlbach Decl. ¶ 25, Exhs. 1, 2.) Sahlbach declares NCA paid Plaintiff a "correctly calculated repurchase price" of $60,419.96 for these 1,315 Receivable Accounts. (Sahlbach Decl. ¶ 25.) Sahlbach further declares NCA represented and warranted to Plaintiff that NCA would not market and/or sell any of the Receivable Accounts to third-parties. (Sahlbach Decl. ¶ 29.)

In light of Sahlbach's averments about the inadvertent sale of the 1,315 Receivable Accounts and NCA's attempt to remedy the error, Plaintiff has not shown it will likely suffer irreparable

3

injury because Defendants would market or sell the Receivable Accounts to third-parties.

Plaintiff argues it is still entitled to a PI because it will likely succeed on the merits. Plaintiff contends it will likely prevail on its breach of contract and rescission claims since NCA breached its warranty under the Loan Sale Agreement, which provided NCA "has good and marketable title to each Loan sold hereunder . . . ." (Sahlbach Decl. Exh. 1.) Plaintiff further argues it will likely prevail on its negligent and intentional misrepresentation claims since Defendants misrepresented that NCA had proper title to the Receivable Accounts. However, in light Sahlbach's declaration that NCA had proper title to all Receivable Accounts prior to NCA's transaction with Plaintiff, Plaintiff has not shown that it will likely prevail on these claims.

Plaintiff also argues it will likely prevail on its deceit claim, which is defined by California Civil Code § 1710 as "mak[ing] a promise without the intent of performing it." However, in light of Sahlbach's averment about the inadvertent sale of the 1,315 Receivable Accounts, Plaintiff has not demonstrated a likelihood to prevail on this claim.

Plaintiff also argues it will likely prevail on its conversion and California Unfair Business Practices Act claims, but since Plaintiff has been reimbursed for the Receivable Accounts involved with these claims, these claims are an insufficient basis on which to grant a PI.

//
//
//

Since Plaintiff has not shown it will likely suffer irreparable harm in the absence of a PI, its motion is denied.

Dated: March 6, 2009

GARLAND E. BURRELL, JR.
United States District Judge